COHEN, Ex parte. See Case.No. 12,175.

## Case No. 2,960.

In re COHEN.

[3 Dill. 295.][1]

Circuit Court, E. D. Arkansas. 1875.

BANKRUPT LAW — REV. ST. § 5045, CONSTRUED — EXEMPTED PROPERTY.

Under the Revised Statutes (section 5045), a bankrupt is entitled to have property exempted

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

to the amount allowed by the constitution and laws of the state in which he is domiciled, as existing in the year 1871, although the amount of such exemption was reduced by the constitution and laws of the state after 1871, and before the proceedings in bankruptcy.

In bankruptcy. Petition of review. Albert Cohen, domiciled in the eastern district of Arkansas, was adjudicated a bankrupt by the district court of that district, on July 26, 1875. By the new constitution of Arkansas, which went into effect October 30, 1874, there is exempted from sale on execution specific articles of personal property, to an amount not exceeding $500, in addition to wearing apparel, etc. By the former constitution of the state, in force from 1868 until the new constitution went into effect, October 30, 1874, there was exempted personal property to the amount of $2,000. The indebtedness of the bankrupt was contracted in part before and in part after the new constitution went into operation. The assignee set apart to the bankrupt specific articles of personal property of the value of $500 allowed by the bankrupt act, and to the value of $500 allowed by the present constitution. The bankrupt excepted to this, and claimed $2,000 as exempt. The district court sustained the bankrupt's exceptions to the assignee's schedule of exempted property, and ordered the assignee to set aside to the bankrupt, as exempted to him under the bankrupt act, property to the value of $2,000. To this order the assignee excepted, and brings the decision of the district court here for review. As applicable to this case, the 14th section of the original bankrupt act exempted such property to the bankrupt as was exempted "by the laws of the state in which the bankrupt had his domicile, etc., to an amount not exceeding that allowed by such state exemption laws in force in the year 1864." On June 8, 1872 (17 Stat. 334), congress amended the above, as follows: "By striking out the word 1864 and inserting, in lieu thereof, 1871." On March 3, 1873 (17 Stat. 577), congress passed "an act to declare the true intent and meaning of the act of June 8, 1872," supra; and therein declared "such true intent and meaning to be, and it is hereby enacted that they shall be, the amount allowed by the constitution and laws of each state, respectively, as existing in the year 1871; and that such exemptions shall be valid against debts contracted before the adoption and passage of such state constitution and laws, as well as those contracted after the same, and against liens by judgment and decree of any state court, any decision of any such court, rendered since the adoption and passage of such constitution and laws, to the contrary notwithstanding." This provision, without substantial change, is carried into the Revised Statutes (section 5045).

A. W. Bishop and Compton & Martin, for assignee.

Wilshire & Allen, for bankrupt.

DILLON, Circuit Judge. The constitution of the state of Arkansas in force in 1871, and until October 30, 1874, allowed an exemption to the amount of $2,000. The constitution of 1874, now in force, reduced the amount of the exemption to $500. The question is, whether the provision, in this regard, of the old or of the new constitution applies to the case of this petitioner, he having been declared a bankrupt since the new constitution went into operation. I have had some difficulty in reaching a conclusion entirely satisfactory to my own mind; but, after viewing the subject in its various lights, my judgment is, that the amount allowed by the constitution in force in 1871 is that to which the bankrupt is entitled. Such is the language of the act of March 3, 1873 (17 Stat. 577), which is carried into the Revised Statutes (section 5045); and I see no good reason for not giving to the words of the act their natural meaning and effect. Congress, in an act evidently intended to favor the exemption, dropped the words "not exceeding," etc., in the prior legislation, and substituted words which fixed the amount of the exemption to be "the amount allowed by the constitution and laws of each state, respectively, as existing in the year 1871." This was done ex industria; and the opposite construction would, as it seems to me, defeat the purpose of congress, as shown by the history of the legislation on this subject. The ruling of the district court is, accordingly, affirmed. Affirmed.